# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**CHRISTINA WEST,**
**Claimant Below, Petitioner**

**FILED**
**February 15, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 22-ICA-128**      (BOR Appeal No. 2057934)
(JCN: 2021015622)

**HYBRID FLEET, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Christina West appeals the August 26, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Hybrid Fleet, Inc. filed a timely response.[1] Petitioner did not file a reply. The issue on appeal is whether the Board erred in reversing the January 28, 2022, order of the Workers' Compensation Office of Judges ("OOJ") which reversed the claim administrator's decision and held the claim compensable.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the Board's decision is reversed, and this case is remanded to the Board for further proceedings consistent with this decision.

Ms. West was a delivery truck driver for Hybrid Fleet, a subcontractor for FedEx, on December 3, 2020, when she was injured while working. She was in the back of her delivery truck when a heavy box fell off one of the shelves. When Ms. West began to pick up the box, she tripped and fell, landing directly on the corner of the box, driving it into her abdomen. As this happened, she felt an immediate burning sensation in her abdomen. Ms. West states that she finished her shift that day because Hybrid Fleet had a policy against abandoning the delivery route without completing it, and then she sought medical

---

[1] Petitioner is represented by J. Thomas Greene, Jr., Esq. and T. Colin Greene, Esq. Respondent is represented by David P. Cook, Jr., Esq.

attention early the following morning at Stonewall Jackson Memorial Hospital's emergency department.

At the hospital, Ms. West reported abdominal pain and that she had "ripped" her hernia at work the day prior. A CT scan without contrast was performed and found no acute process in the abdomen or pelvis. Ms. West was diagnosed with a ventral hernia and referred to general surgeon, Jeffrey Madden, M.D., with whom she had a prior relationship. Dr. Madden had performed surgery on Ms. West on February 14, 2019, to repair a small recurrent hernia that developed in 2017 during pregnancy. Dr. Madden used mesh to perform the 2019 repair, and afterwards Ms. West was released to return to work, full duty.[2] After the December 3, 2020, injury, Dr. Madden's earliest available appointment date was January 27, 2021, but Ms. West planned to see him earlier if he had a cancellation.

In the meantime, Ms. West saw her primary care physician, Ruthanne Watkins, D.O., on December 7, 2020. Dr. Watkins noted that Ms. West reported post-injury symptoms of diarrhea and periumbilical abdominal pain radiating into her back. Dr. Watkins examined Ms. West, noted "no obvious hernia," and assessed abdominal pain, diarrhea, and ventral hernia. She took Ms. West off work until she could be seen by a surgeon and restricted her from all lifting.

An employees' and physicians' report of injury was completed stating that Ms. West suffered an occupational injury on December 3, 2020, with a diagnosis of ventral hernia which aggravated a prior hernia repair. An employers' report of injury was completed on December 7, 2020, which described a different injury than Ms. West reported to her medical providers. It stated that Ms. West had "ripped open a hernia while lifting a heavy box on December 3, 2020."

On January 8, 2021, the claim administrator denied Ms. West's application for benefits on the basis that medical evidence did not support her claim that an acute physical injury had occurred and it appeared she had a preexisting condition that caused her current condition. Ms. West protested that decision.

Ms. West returned to Dr. Watkins on January 19, 2021, complaining of abdominal pain. Upon examination, Dr. Watkins found tenderness at the mid-abdomen and a small, soft bulge at just left of the umbilicus, but "could not appreciate true hernia." Ms. West saw her surgeon, Dr. Madden, on January 27, 2021, and reported she had fallen and landed

---

[2] According to the record, Ms. West's abdomen was asymptomatic prior to the December 3, 2020, fall. Her last documented abdominal treatment was on March 13, 2019, more than a year before the December 3, 2020, injury and on that date, her abdomen was described as nontender and without a hernia. Ms. West also testified that her abdomen was asymptomatic prior to December 3, 2020.

on a box at work and had abdominal pain since that date. Dr. Madden noted that her abdomen was not distended but he found tenderness in her periumbilical region and diagnosed abdominal pain. He ordered a CT with contrast and asked her to return after it was completed for a follow-up visit.

Ms. West underwent the CT with contrast on March 9, 2021. It was interpreted to show a mild eventration of the midline abdominal wall at the umbilicus, but no definite discrete hernia. Dr. Madden saw Ms. West on March 10, 2021, and agreed there was a mild eventration, but he did not find it was significant. His continued diagnosis was "abdominal pain, unspecified abdominal location." He made dietary recommendations and advised her to see a gastroenterologist if her symptoms persisted or return to his care if her symptoms worsened.

Ms. West was deposed on March 29, 2021. She recounted the history of the incident that led to her injury on December 3, 2020, and the medical care she received thereafter. She testified that she was waiting to be seen by a gastroenterologist for ongoing issues she had with bloating and swelling whenever she ate, and that she had not been released yet by Dr. Madden to return to work.

By order dated January 28, 2022, the OOJ reversed the claim administrator's order, and ordered the claim be held compensable for abdominal pain, unspecified abdominal location. The OOJ found that the evidence indicated that Ms. West more likely than not did fall in her truck, hit her abdomen, and sustain an injury, and the employer did not rebut that evidence. However, the evidence did not support the contention that Ms. West suffered a hernia, or that she had a recurrent hernia. The OOJ found that, at most, she suffered some abdominal pain as a result of the injury. The OOJ acknowledged that typically in workers' compensation cases in West Virginia, pain is not considered to be a compensable diagnosis. However, in the present case, the hernia diagnosis was eliminated by Dr. Madden's medical reports and the CT scans of December 4, 2020, and March 9, 2021. Dr. Madden consistently diagnosed Ms. West with abdominal pain, unspecified abdominal location, in his reports of January 27, 2021, and March 10, 2021, and the OOJ found that his diagnosis was much more reliable than that of Dr. Watkins or the ER physician who diagnosed ventral hernia on December 4, 2020. Consequently, the OOJ found that the only possible diagnosis for Ms. West's workplace injury was abdominal pain, unspecified abdominal location, and as such, it was held compensable. Hybrid Fleet appealed this decision.

By order dated August 26, 2022, the Board reversed the decision of the OOJ. In its order, the Board noted that Ms. West had been diagnosed with abdominal pain prior to the date of injury in this claim, and described her history of abdominal pain in 2017 and 2018 related to her recurrent umbilical hernia. The Board then observed that the Supreme Court of Appeals of West Virginia has previously held that pain is a symptom, not a diagnosis, thus the Board found that the claim cannot be held compensable for abdominal pain. The Board's order concluded that although Ms. West may have tripped in her delivery truck

and hit the corner of a box with her stomach, "the evidence fails to identify a diagnosis appropriate for compensability." The Board therefore concluded that Ms. West failed to establish that she sustained an injury in the course of and resulting from her employment on December 3, 2020. It is from the Board's order that Ms. West now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, No. 22-ICA-10, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17546598, at \*4 (Ct. App. Dec. 9, 2022).

On appeal, Ms. West argues that the OOJ's decision was appropriate from both medical and legal perspectives. After reviewing and weighing the evidence, the OOJ found that Ms. West's description of her injury was unrebutted by her employer,[3] that she received appropriate medical attention as a result of her injury, and that she was consistently diagnosed with abdominal pain by her surgeon although the hernia diagnosis was eventually ruled out. Moreover, even the Board appears to concede the mechanism of injury in its order where it states that Ms. West, "may indeed have tripped while she was in her delivery truck and hit the corner of a box with her stomach[.]" Ms. West argues that her burden to establish compensability is to put forth sufficient evidence to make a reasonable person conclude that the injury occurred while performing the duties of

---

[3] On appeal, Hybrid Fleet argues that the evidence shows that Ms. West did not suffer an acute physical injury, citing allegedly conflicting statements made by Ms. West in text messages sent on December 4, 2020, to multiple co-workers regarding her injury. The OOJ, as the factfinder below, was not persuaded by this evidence and concluded that the mechanism of injury was unrebutted by Hybrid Fleet.

employment. Here, Ms. West asserts that the OOJ correctly found that she provided sufficient evidence to conclude that she sustained an injury that occurred as a result of her work duties, finding that the evidence indicated that Ms. West more likely than not fell in her truck and hit her abdomen on a box. The OOJ found that the diagnosis that resulted from this isolated, fortuitous event was abdominal pain because the ventral hernia diagnosis was eventually ruled out. Ms. West further argues that the Board improperly used the remaining diagnosis of abdominal pain as a technicality to deny her claim. Although pain is typically found to be a symptom, not a diagnosis, in this case abdominal pain is the sole remaining diagnosis that Ms. West's treating surgeon made as a result of her unrebutted occupational injury. Ms. West asserts that the Board's reversal solely on that basis is contrary to the law, arguing that "[i]t is the policy of [the Workers' Compensation law] to prohibit the denial of just claims of injured … workers … on technicalities." *See* W. Va. Code § 23-5-13a (2022). In response, Hybrid Fleet argues in favor of the Board's rulings, including the determination that pain is not a compensable diagnosis, and asks this Court to affirm the order issued by the Board.

Upon review, we find that the Board clearly erred in reversing the OOJ's decision. Pursuant to West Virginia Code § 23-4-1 (2021), employees who receive injuries in the course of and as a result of their covered employment are entitled to benefits. *See also*, Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 796, 172 S.E.2d 698, 699 (1970). Ms. West established by a preponderance of the evidence that she suffered a personal injury in the course of and as a result of her employment when she fell on the box in the back of her truck. The Board's finding to the contrary was based solely on an errant diagnosis code and constitutes a denial based on a technicality, a clear contravention of West Virginia Code § 23-5-13a. Moreover, it is an unreasonable result.

The record shows that Ms. West sought appropriate medical treatment to evaluate the scope and degree of her work-related injury. It would be unjust to declare that Ms. West established by a preponderance of the evidence that she suffered a work-related injury, but that she is not entitled to the benefit of a medical evaluation to determine the extent of her injuries. Because the initial diagnosis of ventral hernia was eventually ruled out, the claim should have been remanded for a determination of an acceptable compensable condition arising from Ms. West's injury that was related to her abdominal pain, whether that might be the "mild eventration of the midline abdominal wall at the umbilicus" that was seen on the March 9, 2021, CT scan, or a simple contusion, or something else.

Accordingly, we conclude that based on the unrebutted evidence that Ms. West received an injury in the course of and as a result of her employment, her claim is compensable. Therefore, we reverse the Board's August 26, 2022, order and remand this case to the Board to take evidence from the parties regarding the appropriate compensable condition.

Reversed and Remanded.

**ISSUED:** February 15, 2023

**CONCURRED IN BY:**

Judge Thomas E. Scarr
Judge Charles O. Lorensen


**DISSENTING**:

Chief Judge Daniel W. Greear

Greear, C.J., dissenting:

The majority decision to remand the matter for the purpose of determining a compensable diagnosis is unnecessary. Wherefore, I respectfully dissent.

I do so for three reasons that are explicitly clear in this matter. First, the West Virginia Supreme Court of Appeals has repetitively upheld the denial of compensability for diagnoses of pain.[1] Pain is a symptom, not a diagnosis, and therefore not compensable.

Second, what the majority suggests on remand has already been attempted in this matter. Ms. West was initially diagnosed with a hernia. However, after undergoing a CT scan and a follow-up with Dr. Madden, the diagnosis was ruled out. The absence in the record of any other diagnosis led the West Virginia Workers' Compensation Office of Judges to determine that the best diagnosis is "abdominal pain, unspecified abdominal location." Despite the record, which shows an attempt to find a diagnosis has occurred, the majority decision in this matter would allow petitioner to re-bait the hook and pray a fish is caught.

Finally, the petitioner failed to meet her burden of proof. The standard of proof in workers' compensation claims is by the preponderance of the evidence. In this case, as in all cases, the burden is placed on the petitioner to prove her case. After review of the record,

---

[1] *Whitt v. US Trinity Energy Serv., LLC,* No. 20-0732, 2022 WL 577587 (W. Va. Feb. 25, 2022) (memorandum decision) (finding no specific diagnosis in regard to shoulder other than pain). *See also Harpold v. City of Charleston*, No. 18-0730, 2019 WL 1850196, at *3 (W. Va. Apr. 25, 2019) (memorandum decision) (holding that left knee pain is symptom, not diagnosis, and therefore cannot be added to claim); *Radford v. Panther Creek Mining, LLC*, No. 18-0806, 2019 WL 4415245, at *3 (W. Va. Sep. 13, 2019) (memorandum decision) (holding that neck and shoulder pain cannot be added to claim as they are symptoms, not diagnoses).

it is apparent that the Board of Review was not clearly wrong in finding the petitioner did not meet this standard. The majority decision chips away at that burden by giving petitioner a "re-do" when petitioner failed to present sufficient evidence to prove her case below.

Wherefore, for the forgoing reasons, I respectfully dissent.